UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v.-<br><br>AYODELE ADENIRAN,<br><br>Defendant. | 16 Cr. 672-2 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

    This Court has received the counseled application of Defendant Ayodele Adeniran for compassionate release, in the form of immediate release to home confinement, pursuant to 18 U.S.C. § 3582(c)(1)(A) (*see* Dkt. #185-188), as well as the Government's opposition to same (*see* Dkt. #190). After reviewing the record, the Court agrees with the Government (*see* Dkt. #190 at 2-3) that the application that was made to the Bureau of Prisons (the "BOP") on Mr. Adeniran's behalf on May 29, 2020, was not — and was not understood by the BOP to be — a request for compassionate release under § 3582(c)(1)(A) (*see* Dkt. #185, 185-1). Rather, the May 29, 2020 request to the BOP was a request for home confinement pursuant to 18 U.S.C. § 3624(c)(2). The nature of the request is clear from, among other things, the facts that (i) as defense counsel acknowledges, the request itself makes no mention of "compassionate release" or § 3582(c)(1)(A); (ii) the request instead requests a transfer to home confinement, which is governed by § 3642(c); (iii) the proffered support for the request (i.e., the directives from Attorney General Barr and the CARES Act) does not address compassionate release motions under § 3582(c)(1)(A); and

(iv) the BOP response to the request similarly makes no mention of "compassionate release" or § 3582(c)(1)(A).

This Court has previously concluded that "[a] defendant may move under § 3582(c)(1)(A) only after the defendant has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States* v. *Sessum*, No. 15 Cr. 667-6 (KPF), 2020 WL 2836781, at *2 (S.D.N.Y. June 1, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)) (noting prior denial without prejudice because of failure to exhaust administrative requirements). On this record, the Court concludes the same, and denies Mr. Adeniran's application without prejudice to its renewal after exhausting administrative remedies.

The Clerk of Court is directed to terminate the motion at docket entry 185.

SO ORDERED.

Dated: October 22, 2020
       New York, New York

                                          *Katherine Polk Failla*
                                        _____
                                          KATHERINE POLK FAILLA
                                          United States District Judge